THE NEW-YORK FIRE INSURANCE COMPANY *vs.* DELAVAN.

Where by the terms of a policy of insurance the insurers are authorized, within twenty days after proof of loss, to elect to replace the articles lost or damaged by the fire, they are not entitled to file a bill, for an injunction, to restrain the assured from removing or disposing of his goods until after the expiration of the twenty days; to enable them to take an inventory, &c. with a view to such election.

But, upon such a policy, if the assured should, without any sufficient excuse, refuse to permit the insurers to make an examination of the goods saved from the fire, and a proper scrutiny as to the alleged loss, it would be proper evidence to submit to a jury, in a suit brought upon the policy; and it would authorize the jury to presume that the statement of the loss was false and fraudulent.

THIS was an appeal from a decree of the vice chancellor of the first circuit, dissolving the injunction which had been issued in this cause, and dismissing the complainants' bill with costs. The complainants had insured the defendant upon his stock of hardware, in a store in New-York, to the amount of $5000, which stock was injured by fire, and by the water used in extinguishing the fire, to the extent of about $2200 ; as the defendant claimed by his statement of the loss, furnished to the insurers according to the terms of the policy. The bill alleged that the complainants verily believed that the loss had been over estimated, and that they had therefore been anxious to obtain a statement of the present condition of the stock, in order to make a correct estimate of the damage sustained ; that, after several interviews with the defendant, he agreed that the stock should be examined in the presence of two gentlemen, selected by him and the underwriters for that purpose ; but that before such examination was had the

defendant removed a part of his stock of goods to the store of an auctioneer, for sale at auction, and that he was engaged in removing the remainder for that purpose at the time of the filing of the bill in this cause ; that the secretary of the complainants' company objected to such removal, and insisted upon their right to take an inventory of the stock, and to make an estimate of its present condition ; that the terms of the policy authorized the insurers, if they should see fit, to elect, within twenty days after the furnishing of the preliminary proofs of loss, to replace the articles lost or damaged, with others of the same kind, and of equal goodness as such articles were before the fire ; and that the twenty days allowed to them for that purpose had not yet expired. The complainants therefore prayed for an injunction, to restrain the defendant from removing his goods from the store in which they were at the time of the fire, until they should have had a reasonable time to take such inventory, and until the expiration of the twenty days ; and that the defendant might be compelled to permit the complainants to take such inventory, and for general relief. The defendant, in his answer, stated the reasons why the parties had not been able to agree upon the mode of estimating the damage to the goods, and why he did not consent to stay the removal of the stock to the store of the auctioneer ; but denied that he had refused to permit the complainants to examine and take an inventory of the stock on hand subsequent to the fire, after the goods were thus removed and as fast as they were removed ; so as not to interfere with the taking of his own inventory. He also denied the right of the insurers to take an inventory of the stock, except by his voluntary consent, other than the particulars of his loss, which by the terms of the policy he was bound to furnish ; and which he was engaged in making at the time of the filing of the bill. The defendant therefore objected to the jurisdiction of the court to grant any relief in the case.

*P. A. Cowdrey*, for the complainants. Pursuant to the tenth condition of the policy of insurance, it was optional

with the complainants to replace the articles damaged with <span>1840.</span>
others of the same kind and of equal goodness, giving notice N. Y. Fire Ins.
of their intention to do so within twenty days after having re- Company
ceived the preliminary proofs. This gave to the complain- Delavan.
ants a qualified right of property in the damaged goods, at
all events, until the expiration of the twenty days; which had
not elapsed when the bill was filed and the injunction grant-
ed. The amount of damage to the goods insured was the
subject of dispute between the parties, and the complain-
ants had an equitable right to a discovery of such amount
of damage from the inspection of the goods themselves;
which could alone furnish the correct evidence. The ju-
risdiction of the court of chancery is in this respect an-
cilliary to the powers of the courts of law, and which with-
out such aid would be defective.

*L. H. Sandford,* for the defendant. We hold this de-
mand of the complainants to take possession of a man's
store and damaged stock of goods to be the only instance
upon record, in the history of insurances against fire, where
such a right has been asserted to exist. The bill is not
intended to be in aid of a suit at law. This court can on-
ly deal with the contract the parties have made. The
contract of insurance is one of indemnity merely, and the
underwriters can only be charged with the amount of loss
sustained. Proof of loss is made a condition precedent;
and until made, no claim arises. When it is made in pursu-
ance of the conditions of the policy, a claim does arise;
and we respectfully deny any power or jurisdiction of this
court in any manner to interfere with the collection or ad-
justment of that claim. (2 *John. Ch. Rep.* 371.) The
remedy is wholly and exclusively at law. Courts of law
decide upon the sufficiency of the proofs; and if errone-
ously, the constitution has provided another tribunal than
the court of chancery to correct their decisions. (*Hoff* v.
*The Marine Ins. Co.* 4 *John. R.* 132. 9 *Id.* 192. 11 *Id.*
241. 12 *Wendell,* 452. 6 *Paige's R.* 583. 1 *H. Black.*
577. *Id.* 254. 2 *Id.* 574. 6 *Term R.* 200. 16 *Wendell,*

1840.

N.Y. Fire Ins.
Company
v.
Delavan.

385.  6 *Term R.* 710.)  The injunction in this cause should be dissolved, and the bill of complaint dismissed with costs.

THE CHANCELLOR.  I have not been able to find any precedent for a bill of this kind, and I am not aware of any principle upon which it can be sustained.  It is in effect an application to restrain the defendant from removing or disposing of his stock in trade, or that part of it which has been saved from the fire, until the determination of a chancery suit, and after a decree shall have been obtained therein to compel him to furnish the insurers with an opportunity of examining the goods saved, to obtain testimony to contradict the defendant's statement, and proof of loss.  This would indeed be carrying the jurisdiction of this court much further than it has ever yet been extended ; and in a case where it does not appear to be necessary for the attainment of justice.  The defendant himself is by the terms of the policy bound to furnish a particular statement of his loss, not only for the purpose of enabling the insurers to test its correctness by the testimony of witnesses, and a resort to his books, but also to enable them to substitute other articles in the place of those which are damaged or lost, if they shall elect to do so.  And in case the assured, without any reasonable excuse, refuses to permit a proper scrutiny as to the loss, by an examination of the goods remaining on hand, or otherwise, the insurers will have the full benefit of the presumption of fraud, and unfairness in his statement of the loss, before the jury which tries the cause.  Here I think also that the answer furnishes a sufficient excuse for the refusal to postpone the defendant's own inventory, and statement of the particulars of the loss ; and no reason is stated in the bill why the complainants' agent or witness could not have examined the goods at the store of the auctioneer, to which they were being removed at the time the defendant consented to have them examined there.

As the court was not authorized to give any relief to

the complainants, upon the case as made by their bill, the injunction which was merely incidental to the relief prayed for ought never to have been granted. The decree of the vice chancellor was therefore right, and the same must be affirmed with costs.

